Case No. 23-1474

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT


ANTHONY DIAL,

Plaintiff-Appellant

v.

ROBESON COUNTY and
ROBESON COUNTY DEPARTMENT OF SOCIAL SERVICES

Defendants-Appellees.


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION


OPENING BRIEF OF APPELLANT

Nancy P. Quinn
The Quinn Law Firm
P.O. Box 9378
Greensboro, NC 27429
(336) 272-9072
npquinn@thequinnlawfirm.com
Counsel for Appellant

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 23-1474     Caption: Anthony Dial v. Robeson County and Robeson Department of Social Ser

Pursuant to FRAP 26.1 and Local Rule 26.1,

Anthony Dial
(name of party/amicus)

who is     Appellant    , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

4.     Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?     ☐YES ☑NO
If yes, identify entity and nature of interest:

5.     Is party a trade association? (amici curiae do not complete this question)     ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.     Does this case arise out of a bankruptcy proceeding?     ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.     Is this a criminal case in which there was an organizational victim?     ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _____     Date: 5/13/23

Counsel for: Appellant _____

- 2 -

Print to PDF for Filing

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ iii

I.     STATEMENT OF JURISDICTION .............................................. 1

    A. SUBJECT MATTER JURISDICTION ...................................... 1

    B. APPELLATE JURISDICTION ............................................... 1

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................... 2

III.   STATEMENT OF THE CASE ...................................................... 2

IV.   STATEMENT OF THE FACTS .................................................... 4

V.     SUMMARY OF ARGUMENT .................................................... 7

VI.   ARGUMENT ........................................................................ 8

    A. THE COURT BELOW SHOULD NOT HAVE DISMISSED THE
       APPELLEE ROBESON COUNTY DEPARTMENT OF SOCIAL
       SERVICES AS A PARTY TO THIS ACTION ......................................... 8

       1. Standard of Review for a Motion to Dismiss ......................... 8

       2. Discussion ...................................................................... 9

    B. APPELLANT PRESENTED A PRIMA FACIE CLAIM FOR
       FAILURE TO PROMOTE TO DIRECTOR OF THE
       DEPARTMENT SOCIAL SERVICES ............................................... 10

       1. Standard of Review ......................................................... 10

       2. Discussion ...................................................................... 13

C. THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE APPELLANT'S SECTION 1981 AND 1983 CLAIMS ................................................................16

　　1. Discussion ........................................................16

D. THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE APPELLANT'S RETALIATION CLAIMS AS APPELLANT HAS ALLEGED A PRIMA FACIE CASE ...............17

　　1. Discussion ........................................................20

E. THE COURT BELOW ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR APPELLEE ROBESON COUNTY ON APPELLANT'S CLAIMS FOR FAILURE TO PROMOTE TO ASSISTANT COUNTY MANAGER ...............................................................20

　　1. Standard of Review for Summary Judgment .....................................21

　　2. Discussion ........................................................27

VII.   CONCLUSION.............................................................27

REQUEST FOR ORAL ARGUMENT ................................................27

# TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal,
   556 U.S. 662, 126 S. Ct. 1937 (2009) ............................................................ 10

Avery v. County of Burke,
   660 F.2d 111 (4th Cir. 1981) .................................................................... 9, 17

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................... 8, 10, 11

Brooks v. Seiter,
   779 F.2d 1177 (6th Cir. 1985) .................................................................... 11

Bryant v. Aiken Regional Medical Centers, Inc.,
   333 F.3d 536 (4th Cir. 2003) .............................................................. 14, 20, 23

Carter v. Ball,
   33 F.3d 450 (4th Cir. 1994) ........................................................................ 14

Carter v. Fleming,
   879 F.3d 132 (4th Cir. 2018) ...................................................................... 20

Clark County School District v. Breeden,
   532 U.S. 268 (2001) .................................................................................. 19

Coleman v. Dow Chemical Co.,
   58 Fair Empl. Prac. Cas. 1508 (D. Conn. Mar. 16, 1990) ................................ 26

Coleman v. Md. Court of Appeals,
   626 F.3d 187 (4th Cir. 2010) ...................................................................... 13

Cowgill v. First Data Technologies, Inc.,
   41 F.4th 370 (4th Cir. 2022) ...................................................................... 23

Dennis v. Columbia Colleton Medical Center, Inc.,
   290 F.3d 639 (4th Cir. 2002) ......................................................... 15-16, 24, 25

EEOC v. Navy Federal Credit Union,
   424 F.3d 397 (4th Cir. 2005) ...................................................................... 19

EEOC v. Sears Roebuck & Co.,
   243 F.3d 846 (4th Cir. 2001) .................................................................. 16, 24

iii

Evans v. Techs. Applications & Serv. Co.,
  80 F.3d 954 (4th Cir. 1996) ........................................................ 15, 27

Gerner v. Cnty. of Chesterfield,
  674 F.3d 264 (4th Cir. 2012) .............................................................. 13

Heiko v. Colombo Savings Bank, F.S.B.,
  434 F.3d 249 (4th Cir. 2006) .............................................................. 14

Herold v. Hajoca Corp.,
  864 F.2d 317 (4th Cir. 1988) .............................................................. 26

Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.,
  790 F.3d 532 (4th Cir. 2015) .............................................................. 21

Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee,
  456 U.S. 694, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982) .................. 12

Kent v. Johnson,
  821 F.2d 1220 (6th Cir. 1987) ............................................................ 11

McCaskey v. Henry,
  461 F. App'x 268 (4th Cir. 2012) ................................................ 16, 22

McCleary-Evans v. Maryland Dept. of Transportation,
  780 F.3d 582 (4th Cir. 2015) ........................................................ 10-11

McDonnell Douglas Corp. v. Green,
  411 U.S. 792, 93 S. Ct. 1817 (1973) .................................................. 13

Mercado v. Kingsley Area Schools/Traverse City Pub. Sch. Adult Educ.
Consortium,
  727 F. Supp. 335 (W.D. Mich. 1989) ................................................ 11

Merritt v. Old Dominion Freight Line, Inc.,
  601 F.3d 289 (4th Cir. 2010) ........................................................ 15, 25

Monell v. Dep't of Social Services,
  436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .............. 16, 17

Parratt v. Taylor,
  451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) .................. 16

Pascual v. Lowe's Home Ctrs., Inc.,
  193 F. App'x 229 (4th Cir. 2006) ....................................................... 19

<u>Pyco Supply Co. v. American Centennial Ins. Co.</u>,
    321 N.C. 435, 364 S.E.2d 380 (1988) ............................................................. 13

<u>Ramseur v. Chase Manhattan Bank</u>,
    865 F.2d 460 (2d Cir. 1989) .......................................................................... 26

<u>Reeves v. Sanderson Plumbing Products, Inc.</u>,
    530 U.S. 133 (2000) ....................................................................................... 25

<u>Rivera v. Guilford County, et al.</u>,
    286 F. Supp. 2d 635 (M.D.N.C. 2003) ........................................................... 9

<u>Roberts v. Glenn Indus.</u>,
    998 F.3d 111 (4th Cir. 2021) ......................................................................... 19

<u>Societe Internationale Pour Participations v. Rogers</u>,
    357 U.S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958) ................................ 12

<u>St. Mary's Honor Center v. Hicks</u>,
    509 U.S. 502, 113 S. Ct. 2742 (1993) ...................................... 14, 15, 21, 24-25

<u>Swierkiewicz v. Sorema N.A.</u>,
    534 U.S. 506, 122 S. Ct. 992 (2002) ......................................... 10, 15, 22

<u>Taylor v. Wake County</u>,
    258 N.C. App. 178, 811 S.E.2d 648 (2018) ..................................................... 9

<u>Texas Department of Community Affairs v. Burdine</u>,
    450 U.S. 248, 101 S. Ct. 1089 (1981) .......................................... 14-15, 22, 23

<u>Watkins v. Hellings</u>,
    83 N.C. App. 430, 350 S.E.2d 590 (1986), rev'd on other grounds,
    321 N.C. 78, 361 S.E.2d 568 (1987) ............................................................. 13

## Statutes

28 U.S.C. § 1291 ......................................................................................... 1
28 U.S.C. § 1331 ......................................................................................... 1
42 U.S.C. § 1981 ......................................................... 2, 3, 7, 16, 17
42 U.S.C. § 1983 ......................................................... 2, 3, 7, 16, 17
42 U.S.C. § 2000 ................................................................... 1, 7, 19
N.C. Gen. Stat. § 108-7 ............................................................... 9
N.C. Gen. Stat. § 130-13 ............................................................. 9

**Other Authorities**

Fed. R. App. P. 4 ........................................................................... 1

Fed. R. App. P. 34 ...................................................................... 27

Fed. R. Civ. P. 12 ................................................................. 10, 11

Fed. R. Civ. P. 56 ................................................................. 20, 21

Fed. R. Evid. 807 ........................................................................ 26

# I. STATEMENT OF JURISDICTION

## A. SUBJECT MATTER JURISDICTION.

As this case is an appeal from the Federal District Court for the Middle District of North Carolina, this Court has original subject matter jurisdiction to hear appeals from the Final Judgment of a Federal District Court pursuant to 28 U.S.C. §1291. The Court below had original subject jurisdiction by presentation of the federal questions asserted under Title VII of the Civil Rights Act of 1964 and 1991, as amended, (42 U.S.C. §2000(e) et seq.), pursuant to 28 U.S.C. §1331.   Appellant is a citizen and resident of Robeson County, North Carolina and Appellees are county governmental entities within the State of North Carolina existing under and by virtue of the laws of the United States located in Robeson County, North Carolina.

## B. APPELLATE JURISDICTION.

The Court has appellate jurisdiction pursuant to 28 U.S.C. §1291 and Rule 4 of the Appellate Rules of Procedure in that the Order filed March 27, 2023 in the Federal District Court for the Middle District of North Carolina was a final order with respect to all remaining claims. (JA 304) Counsel certifies that the instant appeal arises from a final decision of the District Court.   Appellant filed a Notice of Appeal to this Court on April 25, 2023 (JA 305-306) and the Docketing Statement was filed with this Court on or about May 13, 2023. (Dkt. #5) The Notice of Appeal

and Docketing Statement being filed within the times prescribed under the Rules of

Appellate Procedure.

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

A. DID THE COURT BELOW ERR AS A MATTER OF LAW IN DISMISSING APPELLEE ROBESON COUNTY DEPARTMENT OF SOCIAL SERVICES AS A PARTY TO THIS ACTION?

B. DID THE COURT BELOW ERR AS A MATTER OF LAW IN DISMISSING APPELLANT'S CLAIM FOR FAILURE TO PROMOTE TO DIRECTOR OF THE DEPARTMENT SOCIAL SERVICES?

C. DID THE COURT BELOW ERR AS A MATTER OF LAW IN DISMISSING APPELLANT'S SECTION 1981 AND 1983 CLAIMS?

D. DID THE COURT BELOW ERR AS A MATTER OF LAW IN DISMISSING THE APPELLANT'S RETALIATION CLAIMS?

E. DID THE COURT BELOW ERR AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR APPELLEE ROBESON COUNTY ON APPELLANT'S CLAIM FOR FAILURE TO PROMOTE TO ASSISTANT COUNTY MANAGER?

## III. STATEMENT OF THE CASE

Plaintiff/Appellant filed this action against the Defendants/Appellees, Robeson County and Robeson County Department of Social Services, his employers, in North Carolina Superior Court on November 12, 2020. (JA 007-012) The Complaint presented four causes of action arising from his employment with Defendants/Appellees: violation of Title VII of the Civil Rights Act of 1964, 1991 as amended (hereinafter "Title VII") for two failures to promote him, retaliation based

2

upon prior Equal Employment Opportunity Commission (hereinafter "EEOC") activity, violation of Sections 1981 and 1983 under Title 42, and injunctive relief.

Defendants/Appellees removed the case to the Federal District Court for the Middle District of North Carolina on or about December 12, 2020 on the basis of a Federal Question. (JA 019-022) Defendants/Appellees filed a Motion to Dismiss on January 22, 2021. (JA 023-028) Plaintiff/Appellant filed a response in opposition on February 12, 2021. (JA 029-031) The Court below granted the motion in part and denied the motion in part on September 29, 2021. (JA 032-066) Defendant/Appellee Robeson County then filed an Answer on or about October 13, 2021 generally denying the allegations of the Complaint and citing a variety of affirmative defenses. (JA 067-078)

After the completion of discovery, Defendant/Appellee Robeson County filed a motion for summary judgment on September 6, 2022. (JA 079-081) Plaintiff/Appellant opposed the motion on September 27 and 28, 2022. (JA 241-242) The Court below granted the Motion for Summary Judgment on March 27, 2023 which ended all outstanding claims. (JA 271-303)

Plaintiff/Appellant timely filed Notice of Appeal on April 25, 2023 and the matter is currently before this Court as a result thereof. (JA 305-306)

## IV. STATEMENT OF THE FACTS

After many years of employment with Appellees and extensive community involvement in Robeson County, Appellant applied for the position of Director of the Department of Social Services in the fall of 2016.  (JA 007-008) A series of candidate interviews took place and Appellant was informed that he was the highest scoring candidate, even scoring above Velvet Nixon, a Black female. (JA 008) Appellant is a Native American male. (JA 007) Despite meeting and/or exceeding the qualifications for the position, members of the selection committee indicated that they preferred that a Black person serve in the Director position.  (JA 008) Appellant objected to the racial and gender focus of the interview process internally with the Appellees.

During the following weeks, various activities by employees of Appellees occurred to limit his promotional opportunities, including false allegations of Medicaid fraud (JA 010).

To achieve the goal of placing a Black person in the Director position, the application process was reopened to new candidates and Appellant applied once again and was interviewed. (JA 008) In the second round of applications, the interview questions were skewed to the skills of Ms. Nixon and she was ultimately selected over Appellant. (JA 008) Appellant was not selected as a finalist this time. Moreover, all the finalists in the second round of applications were Black. (JA 008)

Once Ms. Nixon came onboard, she required significant assistance and training from Appellant to perform the Director duties. (JA 008) In light of the discriminatory actions of the Appellees, Appellant timely filed a charge of discrimination with the EEOC. (JA 027)

While the EEOC investigation was pending, the position of assistant county manager was posted in early 2019. (JA 009, JA 218-224) Appellant applied and met and/or exceeded all the qualifications for this position. (JA 225-232, JA 308-316) Appellant was not selected. The successful candidate, Shelton Hill, Caucasian male, had less education and governmental experience than Appellant. (JA 317-325)

The county manager, Kelly Blue, was allegedly the decision maker. (JA 216) While Ms. Blue stated that she had no input from the County Commissioners in the hiring process for Assistant County Manager (JA 217), she is supervised by the Robeson County Board of Commissioners. (JA 251) Moreover, Mr. Oxendine stated that the County Commissioners do make recommendations regarding hiring decisions and do in fact have influence with County Department heads on hiring and promotion of employees within the County government. (JA 270)

A series of candidate interviews were conducted by Kellie Blue. (JA 213) Appellant had almost 19 years of service to Robeson County at the time of the interviews. (JA 314) Shelton Hill lacked the minimum educational requirements.

(JA 317-325) The posted job description listed a college level education as its first requirement (JA 219) Ms. Blue stated that Mr. Hill's supervisory experience was a key factor in his selection. (JA 215).  Ms. Blue failed to acknowledge the Appellant's full supervisory experience in the Marine Corps, the Department of Public Safety, and in his emergency management and volunteer positions in the Robeson County community.  (JA 216, JA 245-248, JA 252-254, JA 260-261, JA 311-313, JA 315-316)

In her affidavit, Ms. Blue states that her promotion to County Manager left a void in the areas of human services, health department, EMS communication, insurance, IT, transportation, and planning and zoning.  (JA 212) She wanted someone who could "hit the ground running" in all these areas.  (JA 212) Appellant's years of work in the Department of Social services is in a human services department, he creates and implements employee policies and procedures, and addresses insurance issues constantly. (JA 262-265) Appellant's emergency management volunteer duties always coordinate with all EMS departments and his construction duties require knowledge and participation with planning and zoning. (JA 315)

Appellant was informed by Commissioner Tom Taylor that the County would not allow a Native American to serve in the position of Assistant County Manager. (JA 255-256) In his affidavit, Mr. Taylor denies making the statement to Appellant.

6

(JA 209) However, he also stated that Mr. Hill would receive the position even before it was posted for applications. (JA 267) Appellant was informed by a county commissioner that his prior EEOC activity was a negative factor in the failure to promote him as well. (JA 248-249) Further retaliatory conduct by Appellees is acknowledged by the statement from Commissioner Sampson that litigating one's rights against the county limits one's opportunities for advancement.   (JA 249-251, JA 258-259)

Due to his professional work ethic and dedication to the Robeson County community, Appellant continues to work to the best of his abilities for Appellees.

## V. SUMMARY OF ARGUMENT

While this is an action based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, and Sections 1981 and 1983, the issues in this appeal are broader and address not only whether the Court below exceeded its authority by dismissing Appellant's claims but when a county agency can be held independently liable for its actions in an employer capacity. 42 U.S.C. §2000e et seq.

Appellant has been denied two promotions in recent years that are the basis for this appeal.  The Appellant was prevented from presenting all the evidence regarding the discriminatory basis for the Appellee Department of Social Services failure to promote him to the Director position in 2016 by virtue of the Court's grant of the Appellee's Motion to Dismiss prior to any discovery taking place in the case.

7

The Court also erred by improperly dismissing Appellant's retaliation claim for a lack of temporal connection when it failed to acknowledge the long, ongoing existence of an EEOC investigation of Appellant's concerns on the failure to promote him to the Director position.

As to the second promotion opportunity, to assistant county manager, a grant of summary judgment was error in that there was significant evidence of material issues in dispute regarding the Appellee Robeson County's selection of the candidate. A reasonable person would not have found the selected candidate, Mr. Hill, to have superior qualifications or experience as compared to Appellant.

## VI. ARGUMENT

**A. THE COURT BELOW SHOULD NOT HAVE DISMISSED THE APPELLEE ROBESON COUNTY DEPARTMENT OF SOCIAL SERVICES AS A PARTY TO THIS ACTION.**

**1. Standard of Review for a Motion to Dismiss.**

The standard of review on appeal of the issues presented is de novo as the appeal is based upon granting Appellees' Motion to Dismiss. There is no dispute that to survive a motion to dismiss, a plaintiff must only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## 2. Discussion

It is Appellant's position that the Robeson County Department of Social Services can be a separate legal entity from Robeson County.   There is no dispute that one must look to the law of the State to ascertain the capacity of a governmental agency within the State to be sued for its actions.   Avery v. County of Burke, 660 F.2d. 111(4th Cir. 1981) The statement in Avery that departments of social services are mere extensions of county government was based upon prior statutory authority that has since been repealed.   See N.C.G.S. 108-7, repealed Session Laws 1981; N.C.G.S. 130-13, repealed Session Laws 1981; Avery v. County of Burke, 660 F.2d. 111, 114 (4th Cir. 1981)

Under the new statutes, the Court below previously held that without specific legal authority holding that departments of social services in North Carolina are not separate legal entities subject to being sued, a motion to dismiss must be denied. Rivera v. Guilford County et al., 286 F. Supp. 2d 635 (M.D.N.C 2003); See. N.C.G.S §§108A et seq.    As the North Carolina Court of Appeals in Taylor stated, departments of social services may also be sued independently from their county governments depending on the State's Department of Health and Human Services control of the conduct at issue for the department.   Taylor et al v. Wake County, 258 N.C.App. 178, 811 S.E.2d 648 (2018) Since the exact relationship and delegation of duties and responsibilities had yet to be determined and would be through the

9

discovery process, a motion to dismiss Appellee Department of Social Services prior to engaging in discovery was improper and premature.

With respect to the claims presented in this action, both Appellees participated in the original EEOC investigations. There is no reason to exclude Appellee Department of Social Services from participation in this action. In point of fact, it is a crucial entity in the events that have transpired.

**B.** **APPELLANT PRESENTED A PRIMA FACIE CLAIM FOR FAILURE TO PROMOTE TO DIRECTOR OF THE DEPARTMENT SOCIAL SERVICES.**

**1. Standard of Review**

At the motion to dismiss pursuant to Rule 12 stage, the plaintiff is not required to present the heightened evidence required at a later time in the litigation. Fed. R. Civ. Pro. 12; Swierkiewicz v. Sorema, NA., 534 U.S. 506; 122 S.Ct. 992 (2002) The standards for pleadings have been delineated by the Supreme Court in Iqbal and Twombly and simply require a "plausibility" standard. Ashcroft v. Iqbal, 556 U.S. 662; 126 S.Ct. 1937 (2009); Bell Atlantic v. Twombly, 550 U.S. 544; 127 S.Ct. 1955 (2007).

It is well settled law in this circuit, as held in McCleary-Evans, plaintiffs are not required to plead a prima facie case to survive a Rule 12(b)(6) motion to dismiss but only facts that permit the Court to reasonably infer the elements of a prima facia case. McCleary-Evans v. Maryland Dept. of Transportation, 780 F.3d 582 (4th

10

Cir. 2015). The presentation of factual allegations that raise the reasonable inference of discrimination above mere speculation, which Appellant did in this case, is all that is required.

When deciding a motion to dismiss under Rule 12(b)(6), the facts pleaded by the plaintiff are taken as true and all reasonable inferences which may be drawn from said facts must be drawn in favor of the plaintiff. The federal courts have repeatedly held that a Rule 12(b)(6) motion should be granted only in very limited circumstances. Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir.1987); Brooks v. Seiter, 779 F.2d 1177, 1180 (6th Cir. 1985); Mercado v. Kingsley Area Schools, 727 F. Supp. 335 (W.D. Mich. 1989). In Mercado, the plaintiff alleged several causes of action, including a violation of the 14th Amendment for Equal Protection. The Court held that granting a Rule 12(b)(6) motion would be improper and disfavored in civil rights actions.

Applying Iqbal and Twombly to this case, Appellant met the minimum pleading standards with the Complaint as written on this failure to promote claim. (JA 007-011) In Iqbal, the Court looked to Twombly and reiterated that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. " Twombly at 556. Nothing in this holding requires specific dates, times, names, and addresses of the persons/subjects of the allegations but rather enough

11

information to show the plausibility of the wrongful behavior by the Appellees. Appellant met this standard.

When Appellant's pleadings are taken as true, the Complaint clearly presented a cause of action for discrimination under Title VII in the failure to promote him to the Director of Social Services position. If one also looks to Appellees' Exhibits 1 and 2, even more specific details of Appellant's claims were before the Court on the motion to dismiss. (JA 027-028)

The Supreme Court has acknowledged that there are constitutional limitations on the power of the Courts to dismiss an action without giving the party a hearing on the merits. Societe Internationale v. Rogers, 357 U.S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958). See also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). However, it appears that neither the Supreme Court nor any other court has attempted to define these constitutional limitations. We contend that erring on the side of caution and allowing the case to proceed to trial is the better reasoned approach.

One must note that this case was originally filed in the Superior Court of North Carolina and that the Appellees removed the case to the Federal Court. North Carolina is a notice pleading state, and thus the allegations of the Complaint must only place the defendant on reasonable notice of the plaintiff's concerns.

Watkins v. Hellings, 83 N.C. App. 430, 433, 350 S.E.2d 590, 592 (1986), rev'd on other grounds, 321 N.C. 78, 361 S.E.2d 568 (1987). North Carolina takes a liberal approach to pleading which means that a statement of a claim is adequate if it gives sufficient notice of the events or transactions to the defendants to understand the nature of the claims and to file a responsive pleading. Pyco Supply Co. v. American Centennial Ins. Co., 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988)   Thus, if the Court was concerned about pleading deficiencies under the Federal pleading rules, Appellant should have been given an opportunity to amend the Complaint rather than suffering a dismissal.

### 2. Discussion

Following McDonnell Douglas Corp. v. Green, a prima facie case of racial and gender discrimination under Title VII, requires the following evidence: (a) that plaintiff be a member of the protected class, (b) that he was qualified for the position and suffered an adverse employment action, (c) that he was performing his position adequately, and (d) that others outside the protected class were treated more favorably.   McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).   See also Coleman v. Md. Ct. App., 626 F.3d 187, 190 (4th Cir. 2010); Gerner v. Cnty. of Chesterfield, 674 F.3d 264 (4th Cir. 2012) Due to his race, American Indian, and gender, male, Appellant is a member of two protected classes. (JA 256) Appellant performed his duties for Appellees for many years, and

continues to do so, with all due skill.    He was qualified for the position of Director of Social Services, that he was treated less favorably as compared to someone outside the protected class (Black female-Velvet Nixon) and he suffered an adverse employment action (denied the position).   A failure to promote has been held an adverse employment action by this Court in <u>Bryant</u>.    <u>Bryant v. Aiken Regional Medical Centers Incorporated</u>, 333 F.3d 536 (4th Cir. 2003).

A modified proof scheme has been developed in the context of racially discriminatory failure to promote cases with respect to the fourth factor.   Plaintiffs have met their burden by showing that the defendant rejected them for the position under circumstances giving rise to an inference of unlawful discrimination. <u>Carter v. Ball</u>, 33 F.3d 450 (4th Cir. 1994) This Court has determined that a plaintiff can show that they were better qualified or denied the promotion under circumstances undermining the employer's credibility of the proffered reason to meet their burden for a prima facie case. <u>Heiko v. Colombo Savings Bank</u>, 434 F.3d 249 (4th Cir. 2006).

Presentation of a prima facie case of discrimination raises the presumption that the employer has discriminated against the employee in violation of Title VII. <u>St. Mary's Honor Center v. Hicks,</u> 509 U.S. 502, 113 S.Ct. 2742 (1993).    The burden then shifts to the defendant to present a legitimate business purpose for their failure to promote the plaintiff.    <u>Texas Dept. of Community Affairs v. Burdine,</u>

450 U.S. 248, 101 S.Ct. 1089 (1981).    The Supreme Court has long held that these standards are "not rigid, mechanized, or ritualistic" in their applications by the Courts.    Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Upon such a showing, the burden then shifts to the employee to show that the reasons proffered were merely pretextual.    Burdine at 252-253.    The Supreme Court stated in St. Mary's Honor Center, that a rejection of the employer's proffered reasons for its conduct will permit the Court to "infer the ultimate fact of intentional discrimination."    St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 2749 (1993).    From the line of cases addressing this issue in the termination context, this Court has held that when "facts, if believed, would allow a trier of fact to think [the employer] was simply looking for a reason to get rid of [the employee]," the employer's proffered explanation may not be worthy of credence. Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 296 (4th Cir. 2010). Similar logic may be applied to the failure to promote cases like this one.

Courts must take special care in discrimination cases because motive is a critical factor in the decision making process.    Evans v. Techs Application Service, 80 F.3d 954, 958 (4th Cir. 1996)    The Court noted in Dennis that when explanations for employment decisions deviate from the written job description, they have the "flavor of post-hoc rationalizations".    Dennis v. Columbia Colleton

15

Medical Center, Inc., 290 F.3d 639, 649 (4th Cir. 2002); See also EEOC v. Sears

Roebuck, 243 F.3d.846, 852-53 (4th Cir. 2001).

Appellant was not required at that point in the litigation to show that he was

more qualified than the person selected for the position nor that but for his race or

gender that the outcome would have been different.   A showing by the Appellant

that someone outside the protected class received the promotion is sufficient at the

motion to dismiss stage to support an inference of discriminatory action by the

Appellees.   McCaskey v. Henry, 461 F. App'x 268 (4th Cir. 2012) The Complaint

met this requirement as written.   (JA 008-009)

## C. **THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE APPELLANT'S SECTION 1981 AND 1983 CLAIMS.**

### **1. Discussion**

Both Sections 1981 and 1983 of Chapter 42 have the essential element of an

action committed under color of law (whether federal or state) that deprives a person

of "rights, privileges, or immunities secured by the Constitution or laws of the

United States."   42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct.

1908, 1913, 68 L. Ed. 2d 420 (1981); Monell v. Dept. of Social Services, 436 U.S.

658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978).   Section 1981 claims must meet the

same requirements as Section 1983 claims and exhibit the same policy and/or

custom of improper discrimination. 42 U.S.C. § 1981. Title VII is just such a law

16

meant to protect employees like Appellant from unequal treatment under the law by governmental actions like Appellees' herein.

Under <u>Avery</u>, a plaintiff need not allege that all persons similarly situated have been adversely affected by the defendant's policies. <u>Avery v. County of Burke</u>, 660 F. 2d 111, 114 (4th Cir. 1981). A customary way of decision making outside of official policies will also suffice to find a constitutional deprivation. <u>Monell</u> 436 U.S. at 691. Such is the case for Appellant in this matter. At the conclusion of the first interview process for the Director of Social Services in which Appellant was the clearly the best qualified candidate, the Appellees, decided to conduct another set of interviews and redesigned the questions to suit the skill set of Ms. Nixon. (JA 008) This allegation in the Complaint shows a deviation from the normal process.

Clearly discovery was necessary to obtain data supporting the extent of the pattern and practice of the Appellees with respect to the limitations placed upon Native American opportunities within Robeson County government and both the Section 1981 and 1983 claims should not have been dismissed.

**D. THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE APPELLANT'S RETALIATION CLAIMS AS APPELLANT HAS ALLEGED A PRIMA FACIE CASE.**

**1. Discussion**

The retaliation alleged by Appellant was an ongoing matter of concern after he was not promoted to the position of Director of Social Services after the initial

17

interview and again after the second posting of the position.   Not only did he suffer an investigation into Medicaid fraud allegations that were proven unfounded during the second interview process but he also was required to train Ms. Nixon, the selected candidate, to perform the duties he allegedly was not qualified to perform.

The evidence of retaliation for protected activity continued into the interview process for the Assistant County Manager position. Ms. Blue acknowledged that her duties would take her to meetings in which employee EEOC activities and/or discrimination complaints were discussed.   (JA 088) While denying any knowledge of Appellant's prior EEOC activity, (JA 091) it does not seem reasonable that Ms. Blue would not have access to candidate personnel records containing EEOC activity by County employees in evaluating an employee for such an important position.   (JA 217) At the time of this interview, Appellant's first charge of discrimination regarding the Director of Social Services position remained under investigation by the EEOC. (JA 010) Moreover, County Commissioner Taylor stated that Mr. Hill would receive the position before it was even posted. (JA 172-174, JA 267) Mr. Taylor's assurance that Mr. Hill would receive the assistant county manager position was confirmed once the notice of the position was posted. (JA 182-183) The County Commissioners were well aware of Appellant's first EEOC charge and that the investigation was ongoing.   (JA 248-249)

18

Under Title VII's anti-retaliation provision, an employer is prohibited from discriminating against an employee for opposing any practice made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). The same prima facie model previously described applies in retaliation cases as well. EEOC v. Navy Federal Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). The Complaint shows that Appellant objected to the racially discriminatory failure to promote him to the Director of Social Services position in a timely manner. (JA 008) He suffered an adverse action in the unwarranted fraud investigation which was treated as a negative factor in the second interview process for the Director of Social Services position (JA 010) The allegations of the Complaint (JA 008- 0011) and the first charge of discrimination address the causal connection between these events to preclude dismissal. (JA 027)

In situations such as this in which the adverse employment decision followed very closely to the protected activity, temporal proximity between the two events may be sufficient to satisfy the causation element of a prima facie case. Clark County School District v. Breeden, 532 U.S. 268, 273 (2001) There is no bright line rule on the temporal proximity determination, but the Court has held that a three or four month lapse between the protected activities and discharge without further evidence was "too long to establish a causal connection by temporal proximity alone," Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x. 229, 233 (4th Cir. 2006); Roberts v. Glenn, 998 F. 3d. 111 (4th Cir. 2021)

The causal connection between the reporting of his concerns about racial and gender discrimination in the first interview process and the fraud allegations during the second interview process a few weeks later creates a clear temporal proximity between the events.

Courts have acknowledged that retaliation decisions are very fact specific. Even nitpicking and unrealistic criticism of an employee's performance after reporting concerns about unlawful discrimination can support a finding of retaliation, especially when there were no complaints about the employee's performance prior to the reporting. Bryant v. Aiken Regional Medical Centers, Inc., 333 F.3d 536 (4th Cir. 2003).    Thus, the Court below erred by denying Appellant an opportunity to conduct discovery on this very important component of his case.

E. **THE COURT BELOW ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR APPELLEE ROBESON COUNTY ON APPELLANT'S CLAIMS FOR FAILURE TO PROMOTE TO ASSISTANT COUNTY MANAGER.**

**1. Standard of Review for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, "[w]e review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences there from in the light most favorable to the nonmoving party." Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] factual dispute is genuine only where the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor." Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

## 2. Discussion

Summary judgment is not favored in discrimination cases and should be granted only in limited circumstances.  The Court below improperly granted Summary Judgment for the Appellee Robeson County on Appellant's remaining claim of failure to promote him to Assistant County Manager in violation of Title VII on the basis of his race, Native American and in retaliation for prior EEOC activity. There is no dispute that the evidence for a prima facie finding of discrimination has been presented as Appellant is a Native American (JA 256), he was qualified and applied for the position of Assistant County Manager but was not selected, and the position was given to Mr. Hill, a person of a different race, Caucasian. (JA 112)

Presentation of a prima facie case of discrimination raises the presumption that the employer has discriminated against the employee in violation of Title VII. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742 (1993). A showing by the plaintiff that someone outside the protected class received the promotion is

sufficient at the motions stage to support an inference of discriminatory action by the defendant.  McCaskey v. Henry, 461 F. App'x 268 (4th Cir. 2012)

The burden of production then shifts to the employer to show a legitimate, nondiscriminatory business purpose for its actions. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981).    The Supreme Court has long held that these standards are "not rigid, mechanized, or ritualistic" in their applications by the Courts.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Appellee Robeson County's proffered legitimate business purpose for selection of Mr. Hill over Appellant alleges that despite Mr. Hill not meeting the educational requirements posted for the position (JA 116), that he was better qualified based upon past work experience. (JA 215) Also, Appellee Robeson County attributed greater Human Resource experience to Mr. Hill when in fact his experience was similar to Appellant's. (JA 308-316, 317-325) Appellant's experience in managing and supervising employees for the Department of Social Services was the only segment of his supervisory experience considered by Ms. Blue. (JA 216) He also had experience writing policies and procedures for the department of social services and supervisory in the Marine Corps, Department of Public Safety, and many volunteer organizations.  (JA 263-265)  In fact, this Court in Cowgill acknowledged that positions are never precisely the same so no bright

line comparators' rule can exist.   Cowgill v. First Data Technologies, Inc., 41 F.4th 370 (4th Cir. 2022) This point alone clearly presented a material issue of fact supporting denial of the motion for summary judgment.

Presentation of a legitimate, non-discriminatory basis for an employment decision is not a high bar to reach but it must be factually reasonable. Bryant at 545**.** Appellee Robeson County failed to do so given the posted qualifications for the position and the experience levels of the candidates.   (JA 225-232) To find otherwise by the Court below was error.   Appellee Robeson County's proffered legitimate business purpose is not credible.

Upon such a showing, the burden then shifts to the employee to show that the reasons proffered were merely pretextual.   Burdine at 252-53.   In response to Appellant's prima facie case of discrimination regarding the failure to promote him, the proffered reasons for selection of Mr. Hill (more managerial experience in the duties previously performed by County Manager Blue and "could hit the ground running") are not credible. (JA 212)     Ms. Blue failed to fully represent the depth and breadth of Appellant's work experience when stating that Mr. Hill was more qualified. (JA 100-101) Moreover, in her deposition she stated that Appellant's supervisory experience was not a factor in her decision yet it was used to support the decision to hire Mr. Hill.   (JA 099, JA 101)

Equally important in determining pretext and credibility, Ms. Blue states in her affidavit that the job description allows for education <u>or</u> work experience (JA 215) despite the printed job description failing to confirm this statement and despite a college degree listed as the first (and presumably primary) job qualification. (JA 225-234) On another note, nothing in the posted job description indicated which departments would be assigned to the person receiving this position. While identifying all her duties as assistant county manager and the need for them to be filled by her replacement (JA 212), Mr. Hill's testimony shows that he only has responsibility for a few of those areas once placed in the position of Assistant County Manager. (JA 113)

The Court noted in <u>Dennis</u> that when explanations for employment decisions deviate from the written job description, they have the "flavor of post-hoc rationalizations". <u>Dennis v. Columbia Colleton Medical Center, Inc.</u>, 290 F.3d 639, 649 (4th Cir. 2002); See also <u>EEOC v. Sears Roebuck</u>, 243 F.3d.846, 852-53 (4th Cir. 2001) This is just such a case.

Thus, the proffered reasons for the selection of Mr. Hill over Appellant are merely pretext for unlawful racial discrimination. The Supreme Court stated in <u>St. Mary's Honor Center</u>, that a rejection of the employer's proffered reasons for its conduct, will permit the Court to "infer the ultimate fact of intentional discrimination." <u>St. Mary's Honor Center v. Hicks,</u> 509 U.S. 502, 113 S.Ct. 2742,

2749 (1993).  The plaintiff can meet their burden of showing pretext to defeat a motion for summary judgment when the reason presented is not believable in light of the totality of the circumstances.  Reeves v. Sanderson Plumbing Products, Inc. 530 U.S. 133, 148 (2000)

From the line of cases addressing this issue in the termination context, this Court has held that when "facts, if believed, would allow a trier of fact to think [the employer] was simply looking for a reason to get rid of [the employee]," the employer's proffered explanation may not be worthy of credence. Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 296 (4th Cir. 2010) As the standard is one of a reasonable fact finder regarding the determination that the proffered explanation served as pretext for an impermissible consideration, the Motion for Summary Judgment should have been denied.

In discrimination cases, a party is entitled to summary judgment only if no reasonable jury could rule in the non-movant's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).

The court must determine whether a party's proffered evidence is legally sufficient to support a finding of a material issue of fact in dispute regarding racial discrimination.  The evidence presented supports several disputed material issues of fact, especially with respect to credibility.  As to the testimony of Mr. Taylor, the insinuation that Appellant requested a favor from him in the application process is

denied and refuted by Ms. Dial's testimony. (JA 266) Moreover, despite telling Appellant he would not be selected, for the purposes of the Motion for Summary Judgment Mr. Taylor asserted that he never made such a statement. (JA 209) Mr. Taylor, in his position as a County Commissioner for Robeson County, is clearly an agent of Appellee Robeson County.  Thus, the statements against interest, like a racially discriminatory statement, meet the criteria for application of an exception to the hearsay rule.   Fed. R. Evid. 807.

The testimony of Appellant has been consistent throughout this case.   The same cannot be said for the other witnesses presented herein.     Important issues of credibility have been raised in this case and such issues of witness credibility are better suited to determination by a jury rather than the Court upon a motion for summary judgment.   See, Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir. 1988); Coleman v. Dow Chemical Co., 58 FEP 1508, 1516-17 (Ct. 1990); Ramseur v. Chase Manhattan Bank, 865 F.2d 460 (2d Cir. 1989).   Credibility is critical in assessing discriminatory animus.

Importantly, Ms. Blue testified that she was the sole decision maker and had no influence from the Board of Commissioners in her decision to hire Mr. Hill rather than Appellant.   (JA 216-217) Yet, the affidavit from Commissioner Oxendine states they do have influence and input in hiring decisions with the County Manager. (JA 270) The Court below failed to properly consider this important testimony from

Mr. Oxendine and mis-characterized it as too conclusory. Additional evidence of County Commissioner's influence is seen by Mr. Taylor telling Appellant that he would be denied the position due to his Native American heritage. (JA 256)

Finally, unlawful discrimination, due to its very nature as an intellectual or motivational action is seldom seen through direct conduct. The Court must look to circumstantial evidence such as the prior relationship of the parties, changes in that relationship, and indirect statements associated with that relationship. Courts must take special care in this type of case because motive is a critical factor in the decision process. Evans v. Techs Application Service, 80 F.3d 954, 958 (4th Cir. 1996).

## VII. CONCLUSION

Based on the above stated facts and arguments, Appellant respectfully requests that the Court reverse and vacate the Decisions of the Court below and remand the case so that the matter may proceed to trial on the merits.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 34, Appellant respectfully

requests that the case be scheduled for oral arguments before the Court.


Respectfully submitted, this the 20th day of October, 2023.


/s/Nancy P. Quinn                        
Nancy P. Quinn,
Attorney for Appellant
NC State Bar No.: 16799
P.O. Box 9378
Greensboro, North Carolina   27429
Telephone: (336)   272-9072